FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2014 SEP 24  P 12: 37

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| FADWA SAFAR<br><br>and<br><br>JAN ESHOW,<br><br>    Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION<br><br>Serve: CT Corporation System, Registered Agent<br>       4701 Cox Road, #285<br>       Glen Allen, VA 23060,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. #1:14-cv-1253<br>)            CHH JFA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### Preliminary and Jurisdictional Statement

1. This is a diversity action for false arrest and malicious prosecution. This court has jurisdiction under 28 U.S.C. §1332, the parties being of diverse citizenship and the amount in controversy exceeding $75,000 exclusive of interest and costs.

### Parties

2. Plaintiffs Fadwa Safar and Jan Eshow are adult residents of Prince George's County, Maryland. They are, and at all relevant times were, married to each other.

3. Defendant Costco Wholesale Corporation is a corporation incorporated in the State of Washington and having its principal place of business in Issaquah, Washington.

## Claim for Relief

4. Ms. Safar and Mr. Eshow hold a joint Costco membership, and over the years have used it extensively for personal and business-related shopping in Costco wholesale stores.

5. In September 2012, Mr. Eshow purchased over $1000 of lumber from the Pentagon City, Virginia, Costco store for a home flooring project.

6. Not long thereafter, while in another Costco store on other business, Mr. Eshow saw that the lumber he had recently purchased was on sale. Having learned of Costco's established policy of permitting purchasers to take advantage of sales on recently purchased products, he went to the Springfield Costco store and asked how this might be done in the case of his lumber. He was told that it would be feasible at the store of purchase.

7. On October 17, Mr. Eshow returned to the Pentagon City Costco to take advantage of the sale price. There, he was directed by store personnel to purchase the identical lumber at the sale price and immediately return it, using his initial sales receipt as the basis for the refund. This he did, without difficulty.

8. On or about the next day, Mr. Eshow was called by a Costco representative who reported to him that due to an in-house error, there had been a double posting of the charge and credit relative to his second purchase of the wood and its immediate return. He was advised that the second, erroneously posted, debit and credit would cancel themselves out, so no problem would remain. Satisfied that nothing was amiss, Mr. Eshow thanked the person who had called him and proceeded to forget about it.

9. Mr. Eshow's next credit card statement showed the erroneous double charging and appropriate re-crediting previously flagged by the Costco representative. Mr. Eshow understood that the matter had been properly resolved, as the Costco representative had assured him on or about May 18, 2012.

10. Eight months later, in June 2013, Mr. Eshow was stopped for speeding in Fairfax County. It was at this time that he learned that on October 17, 2012, a warrant had been sworn out for his arrest by an Arlington County police officer for alleged credit card fraud upon Costco on that day – the day before he had been called and advised of Costco's erroneous double posting and been assured that all was well.

11. The officer who procured the warrant for the arrest of Mr. Eshow based it on false representations made by Costco representatives.

12. Mr. Eshow was arrested and handcuffed in front of his wife and young children, all of whom were understandably anguished at these developments.

13. Mr. Eshow and Ms. Safar are natives of Iraq. At the time of Mr. Eshow's arrest, their applications to become American citizens were pending. They are now citizens.

14. Mr. Eshow retained counsel and the case came before the Arlington General District Court on July 31, 2013. On that day, a Costco representative told the prosecutor that there was no claim of wrongdoing against Mr. Eshow. The prosecutor so stated to the judge in open court, whereupon the case was dismissed on a *nolle prosequi*.

15. Having passed her citizenship test, Ms. Safar was then notified by United States immigration authorities that she had to obtain a clearance letter from the police in the location where she resided.

16. Anticipating no problems, Ms. Safar proceeded to try to get what was needed. Her sister-in-law went with her to the police headquarters in Prince George's County, Maryland, where the family lived.

17. The officer who took her request asked her to wait while she got the necessary paperwork. When she returned, however, it was not with paperwork, but with the direction that Ms. Safar turn around and put her hands behind her back to be handcuffed.

18. The officer informed Ms. Safar that she was under arrest for defrauding Costco in connection with her husband's purchase of lumber on October 17, 2012. She said that Ms. Safar would now go to the local jail pending transfer to Arlington County. It was around 4 p.m., the day before Christmas. The family is Christian.

19. Maryland magistrates are officers of limited powers. The Prince George's magistrate before whom Ms. Safar appeared informed her that he lacked capacity to order her transfer to Arlington and that she would have to remain incarcerated until a judge of the local court appeared. Thereafter, an interstate transfer, which did not occur daily, would be arranged.

20. Ms. Safar remained in jail until December 26, when she was brought to Arlington as a result of assiduous efforts by her Virginia criminal defense lawyer. There, she was then served with an Arlington warrant alleging her defrauding of Costco, and released.

21. At the time of her incarceration, Ms. Safar was the mother and primary care-giver of three young children. Her arrest and forced separation from her children and husband over a period of days, including Christmas, caused her severe mental aguish.

22. No Costco representative bothered to appear for Ms. Safar's trial when the trial date came, and the case against her was dismissed.

23. At no time was there probable cause, nor any reason at all, to believe that either Mr. Eshow or Ms. Safar had defrauded Costco. At all times, Mr. Eshow acted in strict accordance with what he had been told to do by Costco personnel, who also confirmed to him, following some apparent initial confusion internal to Costco, that all was well with his purchase. Ms. Safar as well was utterly innocent of any remotely improper or unlawful activity.

24. Notwithstanding the palpable baseless of its claim against Mr. Eshow, and in wilful and malicious disregard of his rights, Costco caused Mr. Eshow to be arrested, criminally charged and brought to court, even as it understood that there was no basis for any criminal proceedings against him as its representative told the prosecutor.

25. Notwithstanding the palpable baseless of its claim against Ms. Safar, and in wilful and malicious disregard of her rights, and the fact that months before it had caused her husband to be arrested and brought to court on knowingly false charges before conceding that the charges against him were false, Costco caused Ms. Safar to be arrested, criminally charged and brought to court, even as it understood that there was no basis for any criminal proceedings against her, as its representative had previously told the prosecutor with regard to her husband.

26. Mr. Eshow and Ms. Safar suffered extreme emotional distress as a result of Costco's actions set forth above. They also incurred expenses for legal fees.

Causes of Action

Count I: False Arrest

27. By its actions set forth above, Costco caused Mr. Eshow and, separately, Ms. Safar, to be falsely arrested.

<u>Count II: Malicious Prosecution</u>

28. By its actions set forth above, Costco caused Mr. Eshow and, separately, Ms. Safar, to be maliciously prosecuted.

<u>Count III: Negligent Infliction of Emotional Distress</u>

29. By its actions causing the arrest of Ms. Safar set forth above, Costco negligently inflicted emotional distress upon her.

\*

Wherefore, Ms. Safar and Mr. Eshow request an order of this court granting each of them, separately:

- \* Actual and punitive damages appropriate to the proof at trial,
- \* An award of their costs, and
- \* Such other relief as is just.

Ms. Safar and Mr. Eshow request trial by jury.

Respectfully submitted,

FADWA SAFAR, *et al.*,
By counsel

Dated: September 24, 2014

Counsel for Plaintiffs:

*/s/ Victor M. Glasberg*

Victor M. Glasberg, #16184
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
(703) 684-1100 / Fax: 703-684-1104
vmg@robinhoodesq.com
SafarFadwa\Pleadings\Complaint

-6-